**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRIME SELECTION, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 3:25-cv-02277-GPC-VET<br><br>*Judge: Hon. Gonzalo P. Curiel*<br><br>*Magistrate Judge: Hon. Valerie E. Torres*<br><br>**ORDER DENYING STIPULATION AND DISMISSAL** |

On August 6, 2026, both parties filed a stipulation and order of dismissal seeking to dismiss the action with prejudice in accordance with the written settlement agreement. (Dkt. No. 39.) The parties also request that the "Court continue to retain jurisdiction over the terms of the Parties' settlement agreement." (*Id.*)

"[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding upon the court." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996). "[A] federal court may retain jurisdiction over a settlement agreement where the court's order of dismissal incorporates the terms of the settlement agreement, or the order of dismissal explicitly states that the court retains jurisdiction over the settlement." *Gonzalez v. United States*, No. 16-cv-1792-MMA (KSC), 2017 WL 1094074, at *6 (S.D. Cal. Mar. 23, 2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). "[A] court is under no obligation to retain jurisdiction over a settlement agreement, but may do so if it chooses." *LA All. for Hum. Rts. v. City of Los Angeles*, No. LACV2002291DOCKES, 2023 WL 3431905 (C.D. Cal. May 2, 2023) (quoting *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 381 (D.N.J. 2011)).

Here, the parties request that the Court retain jurisdiction over the terms of the settlement agreement but do not attach the settlement agreement nor provide any reasons or argument as to why the Court should retain jurisdiction. In addition, the parties did not explain the necessity of the Court's retention of jurisdiction over the Settlement Agreement in perpetuity. Accordingly, the Court DENIES the stipulation and dismissal. *See Valencia v. Nissan N. Am., Inc.*, No. 1:25-CV-00989-JLT-SAB, 2025 WL 3776640, at *1 (E.D. Cal. Dec. 31, 2025) (noting that the court "generally declines generic requests to retain jurisdiction following dismissal."). The parties shall file an amended stipulation and dismissal

explaining why the Court should retain jurisdiction over the Settlement Agreement on or before **August 18, 2026**.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Hon. Gonzalo P. Curiel
United States District Judge